UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JESSICA MCWILLIAMS,
ADMINISTRATRIX OF THE ESTATE OF
MARIA LUISA OBDULIA CARVENTE
MORALES,
    *Plaintiff*,

v.

JONATHAN GONZALEZ and FEDEX
GROUND PACKAGE SYSTEM, INC.,
    *Defendants*.

No. 3:21-cv-01135 (VAB)

**RULING ON MOTIONS FOR REMAND AND MOTION FOR JOINDER**

On July 21, 2021, Jessica McWilliams, Administratrix of the Estate of Maria Luisa Obdulia Carvente Morales ("Plaintiff" or "Administratrix"), filed this wrongful death action in Connecticut Superior Court. *See* Notice of Removal, ECF No. 4 (August 25, 2021).

On August 25, 2021, Defendants removed the case to federal court. *See id*. Plaintiff now moves to remand this case to Connecticut Superior Court, arguing that the case was improperly removed due to lack of subject matter jurisdiction. *See* Pl.'s Mot. to Remand, ECF No. 10 (Sept. 24, 2021) ("First Mot. to Remand").

Plaintiff also moves, in connection with a renewed motion to remand, *see* Pl.'s Renewed Mot. to Remand, ECF No. 25 (Apr. 18, 2022) ("Second Mot. to Remand"), for the joinder of JG Premium Logistics Inc. ("JPL"), *see* Pl.'s Mot. for Joinder, ECF No. 24 (Apr. 18, 2022) ("Mot. for Joinder").

For the following reasons, the motions for remand and motion for joinder are **DENIED**.

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On July 21, 2021, Plaintiff sued Jonathan Gonzalez and FedEx Ground Package System, Inc. ("FedEx")[1] in a wrongful death action allegedly caused by a motor vehicle accident at the intersection of Temple Street and Church Street in New Haven, Connecticut.[2] *See* Notice of Removal, ECF No. 4 (Aug. 25, 2021); *see also* Ex. A to Notice of Removal, ECF No. 4-1 (Aug. 25, 2021) ("Compl.").

On August 25, 2021, Defendants removed the case to federal court under 28 U.S.C. § 1441, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 4 (Aug. 25, 2021).

On September 24, 2021, Plaintiff filed a motion to remand the case to state court due to lack of subject matter jurisdiction. *See* First Mot. to Remand. In this initial motion to remand, Plaintiff argues that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Mr. Gonzalez's domicile is Connecticut, rather than Georgia. *See id.* at 1–3.

Plaintiff submits two exhibits in support of this argument: first, a proof of return of service to Mr. Gonzalez at an address in Bridgeport, Connecticut on July 24, 2021. *See* Ex. A to Mot. to Remand, ECF No. 10-1 (Sept. 24, 2021) ("Officer's Return"). On the return of service, the state marshal indicates that Mr. Gonzalez maintains a current address in Atlanta, Georgia, but that this address is "temporary." *Id.* Second, Plaintiff submits an affidavit by the state marshal who effectuated service, stating that, on July 24, 2021, he confirmed in a phone with Mr. Gonzalez and his girlfriend that Mr. Gonzalez was "temporarily working" in Georgia. *See* Ex. B

---

[1] In the original Complaint, Plaintiff also sued FedEx Corporate Services, Inc. *See* Compl. This party, however, has been dismissed without prejudice from the suit, upon stipulation of the parties. *See* Order, ECF No. 33 (May 25, 2022).

[2] As to Mr. Gonzalez individually, the Complaint alleges negligence; statutory and common law recklessness; and common law negligence. *See* Compl. ¶¶ 1–20. As to the remaining Defendants, Plaintiff alleges vicarious negligence; negligent hiring, training, and supervision; general negligence; and recklessness. *Id.* ¶¶ 21–29.

2

to Mot. to Remand ¶¶ 5, 6, ECF No. 10-1 (Sept. 24, 2021) ("Privitera Aff."). The affidavit states that Mr. Gonzalez's address in Bridgeport, Connecticut is his "permanent home," which he shares with his mother. *Id*. ¶ 7.

On November 3, 2021, Defendants opposed the motion to remand. *See* Defs.' Opp'n to Mot. to Remand, ECF No. 18 (Nov. 3, 2021) ("First Opp'n"). In support of their motion, Defendants submitted an affidavit from Mr. Gonzalez stating that: (1) he is "currently a resident of the State of Georgia;" (2) he relocated from Bridgeport, Connecticut to Georgia "on or about April 7, 2021, along with [his] girlfriend and minor daughter;" (3) he signed a "15-month lease, effective April 16, 2021" for his current residence in Georgia; and (4) his daughter is enrolled in a school in the city of Atlanta. Ex. A to Defs.' Opp'n to Mot. to Remand ¶¶ 1–7, ECF No. 18-1 (Nov. 3, 2021) ("Gonzalez Aff."). In the affidavit, he also states that, "on July 24, 2021, at the time service was made" in this suit, "[he] was and continue[s] to be a citizen of the State of Georgia with a permanent home with no intent to return to the State of Connecticut." *Id*. ¶ 10.

On April 18, 2022, Plaintiff filed a motion for joinder, under Federal Rule of Civil Procedure 20(a)(2) and 28 U.S.C. § 1447(e), of JG Premium Logistics Inc. ("JPL"). *See* Mot. for Joinder. In Plaintiff's view, JPL is a necessary party[3] where, based upon information received by Plaintiff in initial disclosures, JPL is jointly and/or severally liable for claims arising from truck procurement, safety, and maintenance, as well as driver hiring and training. *Id.* at 4–5. Defendants opposed this motion for joinder. *See* Def.'s Jonathan Gonzalez' [sic] Opp'n to Mot.

---

[3] The Court notes that, although Plaintiff moves for joinder under the permissive joinder rules in Federal Rule of Civil Procedure 20(a)(2), Plaintiff appears to argue in her motion for joinder that JPL is a necessary party, *i.e.* under the rules for required joinder in Federal Rule of Civil Procedure 19. *See* Mot. for Joinder at 4–5; *see also* Mot. to Remand at 4–5 (requesting addition of JPL as an "essential" defendant). Accordingly, the Court will consider whether the motion should be granted under Federal Rules of Civil Procedure 19 and 20.

3

for Joinder, ECF No. 28 (May 9, 2022) ("Gonzalez Joinder Opp'n"); Def.'s Mem. of Law in Opp'n to Mot. for Joinder, ECF No. 30 (May 9, 2022) ("FedEx Joinder Opp'n").

In combination with the motion for joinder, Plaintiff filed a renewed motion for remand with evidence to rebut evidence of domicile in Georgia, including ongoing criminal charges in Connecticut. *See* Second Mot. to Remand at 4. In the alternative, Plaintiff argues that if this Court possesses diversity jurisdiction over this case under 28 U.S.C. § 1332, joinder of JPL destroys diversity and necessitates remand to state court. *Id.* at 1–2, 4–5.

On May 9, 2022, Mr. Gonzalez and FedEx opposed the renewed motion for remand, arguing that subject matter jurisdiction exists where, at the time the Complaint was filed, Mr. Gonzalez's domicile was Georgia, notwithstanding any alleged post-filing events to the contrary. *See* Def.'s Mem. of Law in Opp'n to Renewed Mot. to Remand at 3–8, ECF No. 29 (May 9, 2022) ("Gonzalez Second Opp'n"); Def.'s Mem. of Law in Opp'n to Pl.'s Renewed Mot. to Remand at 3–4, ECF No. 31 (May 9, 2022) ("FedEx Second Opp'n"). To the extent that the motion to remand is based upon the joinder of JLP, Mr. Gonzalez and FedEx also oppose remand, on the basis that such joinder would be improper. Gonzalez Second Opp'n at 1; FedEx Second Opp'n at 5.

## II.   STANDARD OF REVIEW

A district court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court[.]" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The party asserting jurisdiction "must support its asserted jurisdictional facts with 'competent proof' and 'justify its allegations by a preponderance of the

4

evidence.'" *S. Air, Inc. v. Chartis Aerospace Adjustment Servs., Inc.*, 3:11-CV-1495 (JBA), 2012 WL 162369, at *1 (D. Conn. 2012) (quoting *United Food & Com. Workers Union*, 30 F.3d at 305)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citations omitted).

### III. DISCUSSION

Subject matter jurisdiction based on diversity of citizenship exists where the civil action is (1) between "citizens of different States," or (2) between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2). In other words, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see also Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (diversity jurisdiction is available only when all adverse parties have completely diverse citizenship).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Van Buskirk*, 935 F.3d at 53 (internal quotation marks and citation omitted). "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Id.*; *see also Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) (diversity of citizenship is determined at time action is commenced in cases where diversity is sole basis for court's jurisdiction); *Linardos v. Fortuna*, 157 F.3d 945, 947–48 (2d Cir. 1998) (federal court does not have jurisdiction if diversity did not exist at time action was filed).

Residency refers to a person living in a particular place at a given time but, unlike domicile, does not require an intent to remain or return. *United States v. Venturella*, 391 F.3d

120, 125 (2d Cir. 2004). "A party may have multiple residences, but only one domicile." *Connolly v. Spielman*, 999 F. Supp. 270, 272 (N.D.N.Y. 1998) (citations omitted). Residency alone is insufficient to establish domicile. *Van Buskirk*, 935 F.3d at 54; *see also Ming Li v. Colonial BT, LLC*, No. 3:14-CV-999 (CSH), 2014 WL 3579469, at *5 (D. Conn. July 21, 2014) ("Citizenship, which is generally synonymous with domicile, may not be inferred from residency." (citation omitted)).

The Supreme Court has articulated a two-part test for determining a party's domicile. *Texas v. Florida*, 306 U.S. 398, 424 (1939). "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." *Id.*; *see also Van Buskirk*, 935 F.3d at 53 ("Domicile . . . is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." (internal quotation marks and citation omitted)); *Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) (domicile generally requires physical presence in a state with intention to remain there indefinitely).

A person has only one domicile at any given time. *Van Buskirk*, 935 F.3d at 53. "Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation omitted). "To effect a change in domicile, two elements are required: (1) residence in a new domicile; and (2) the intention to remain there indefinitely." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455–56 (W.D.N.Y. 2011) (citing *Palazzo*, 232 F.3d at 42). A party alleging that there has been a change in domicile bears the burden of proving the required intent to change from one domicile to another coupled with residence in a new state and must prove those facts by clear and convincing evidence. *Palazzo*, 232 F.3d at 42 (citation omitted).

Plaintiff argues that the Court lacks subject matter jurisdiction because, when the Complaint was filed, Mr. Gonzalez was domiciled in Connecticut, and merely residing temporarily in Georgia for work. First Mot. for Remand at 1–3. In the alternative, Defendants argue that the Court lacks subject matter jurisdiction where JLP is a necessary party to the suit, due to its role in truck procurement, safety, and maintenance, as well as driver hiring and training, and where JLP also is domiciled in the Plaintiff's state of citizenship: Connecticut. *See* Second Mot. for Remand at 4–5; Mot. for Joinder at 1–5.

Defendants argue that the Court has jurisdiction because Mr. Gonzalez was domiciled in Georgia at the time the Complaint was filed and, therefore, there is complete diversity between the parties. *See* First Opp'n at 3–5. In response to Plaintiff's motion for joinder, Defendants further argue that principles of fundamental fairness, which the Court must consider in determining whether to permit joinder that destroys diversity, weigh in favor of denying the motion to join JPL as a party to this suit, and, therefore, the Court should decline to permit joinder under 28 U.S.C. § 1447(e). *See* Second Gonzalez Opp'n at 3; Second FedEx Opp'n at 5; *see also* Gonzalez Joinder Opp'n at 1–4; FedEx Joinder Opp'n at 1–5.

The Court agrees.

As a preliminary matter, Mr. Gonzalez has met his burden to prove, by the relevant standards, that he was domiciled in Georgia at the time the Complaint was filed. Here, there are several objective indicia that, at the time the Complaint was filed, Mr. Gonzalez was both present in Georgia and intended to remain there, including evidence of a lease and the enrollment of Mr. Gonzalez's daughter in an Atlanta school. Gonzalez Aff. ¶¶ 6–10; *see Borderud v. Riverside Motorcars, LLC*, No. 3:18-CV-1291 (VAB), 2020 WL 2494760, at *7 (D. Conn. May 13, 2020) (evaluating "objective indicia" to determine domicile where "there is evidence indicating that

7

[plaintiff] had two residences"). As relevant to his subjective intent to stay, Mr. Gonzalez provides a statement in his affidavit, under oath, that "at the time service was made, [he] was and continue[s] to be a citizen of the State of Georgia with a permanent home with no intent to return to the State of Connecticut." Gonzalez Aff. ¶ 10.

Meanwhile, Plaintiff has failed to present evidence to rebut Mr. Gonzalez's evidence of domicile in Georgia. Apart from evidence arising from service, *see* Officer's Return; Privitera Aff. ¶¶ 5–7, Plaintiff provides no objective indicia of domicile in Connecticut, such as, for example, voter registration or a driver's license. *See Hicks v. Brophy*, 839 F. Supp. 948, 951 (D. Conn. 1993) ("[P]ertinent factors" in domicile analysis "include the place where civil and political rights are exercised, taxes paid, real and personal property (such as automobiles) located, driver's and other licenses obtained, bank accounts maintained, and places of business or employment."), *adhered to on reconsideration*, 841 F. Supp. 466 (D. Conn. 1994); *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (in considering evidence to determine whether the Court has subject matter jurisdiction, hearsay may not be considered).

Furthermore, to the extent that Plaintiff's argument is based upon evidence of Mr. Gonzalez's recent return to Connecticut in connection with criminal proceedings, it is well established that post-filing changes in citizenship do not affect the existence of diversity jurisdiction. *See Van Buskirk*, 935 F.3d at 53 ("For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." (citation omitted)); *see also Musanti*, 887 F.3d at 584 (diversity of citizenship is determined at time action is commenced in cases where diversity is sole basis for court's jurisdiction). As a result, the Court finds, first, that Mr. Gonzalez is domiciled in Georgia, and, accordingly, complete diversity exists between the current parties.

Secondly, the Court finds that diversity jurisdiction between the parties is not destroyed due to joinder of a non-diverse party: JPL. Plaintiff asserts liability against JPL "jointly and/or severally" with FedEx as a "necessary" party. *See* Mot. for Joinder at 3–5. It is well established, however, that "[j]oint tortfeasors are not necessary, much less indispensable, parties" under Federal Rule of Civil Procedure 19. *Holland v. Fahnestock & Co.*, 210 F.R.D. 487, 495 n.3 (S.D.N.Y. 2002) (citations omitted); *see also Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Samaha v. Presbyterian Hosp.*, 757 F.2d 529, 531 (2d Cir. 1985) ("[I]t is settled federal law that joint tortfeasors are not indispensable parties[.]" (citations omitted)). As a result, under Plaintiff's theory of liability, joinder of JPL under Federal Rule of Procedure 19 is inappropriate.

Furthermore, the Court is satisfied that, where joinder of JPL would destroy diversity, considerations of fundamental fairness weigh against permissive joinder and remand under 28 U.S.C. § 1447(e). The factors to consider in assessing fundamental fairness are: "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). (citations omitted) The delay here is not insubstantial, where the motion for joinder was filed approximately nine months after the litigation began; although the delay in prosecution of this action likely means that Defendants would suffer little prejudice if this case were remanded, joinder of an unnecessary party could further protract the litigation. Meanwhile, Plaintiff's apparent motivation for joinder is to remand the case to state court; the desire to relocate a suit to a state forum, however, is not a permissible

9

basis to join an otherwise unnecessary and dispensable joint tortfeasor.[4] *See Rosenthal v. Life Fitness Co.*, 977 F. Supp. 597, 601 (E.D.N.Y. 1997) ("Although [plaintiff] obviously would prefer to litigate this action in her chosen forum . . . that is not sufficient reason to deny her request to join [a non-diverse defendant]."). As a result, the balance of the factors weighs against joinder and remand of this case.

Accordingly, the Court retains diversity jurisdiction over this case, and the motion for remand will be denied.

## IV.  CONCLUSION

For the reasons explained above, the motions for remand and motion for joinder are **DENIED.**

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of May, 2022.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[4] Plaintiff also cites concerns about obtaining discovery, *see* Mot. for Joinder at 5, without analyzing the availability of subpoenas to obtain the requested documents from JPL, *see* Fed. R. Civ. P. 45 (subpoenas). Moreover, while Plaintiff has expressed interest in whether JPL has separate insurance coverage from FedEx, *see* Mot. for Joinder at 5, she has not argued that she would be denied complete relief if JPL is excluded as a party, *see generally F.D.I.C. v. Haines*, 179 F.R.D. 66, 68 (D. Conn. 1997) ("The defendants['] right to apportionment of liability pursuant to Conn. Gen. Stat. § S2–572(h) . . . does not make a proposed additional party indispensable within the meaning of Rule 19.")